**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**8/27/2020 1:11 PM**
**CLERK OF THE COURT**
**Blair Sandoval**

**SECOND JUDICIAL DISTRICT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

E.G.[1],

    **Plaintiff,**

vs.                                          **CASE NO:** D-202-CV-2020-04903

**CITY OF ALBUQUERQUE, OFFICER**
**DOMINIC SANCHEZ, in his individual**
**Capacity and as employee of the City of**
**Albuquerque; and OFFICER RICHARD**
**ANDERSON, in his individual Capacity**
**and as employee of the City of Albuquerque;**

        **Defendants**.                    **JURY REQUESTED**

## COMPLAINT

        Plaintiff brings this complaint under 42 U.S.C. § 1983 and the New Mexico Tort

Claims Act for damages resulting from the illegal seizure, assault, battery, arrest, and

malicious prosecution of Plaintiff by Defendants Officer Sanchez and Officer Anderson

of the City of Albuquerque Police Department.

### JURISDICTION AND VENUE

        1.      Jurisdiction and venue are proper in federal court and in New Mexico

pursuant to 42 U.S.C. § 1983 and 1988 and 28 U.S.C. § 1343.  All of the parties reside in

New Mexico and the acts complained of occurred exclusively within New Mexico.

### PARTIES

        2.      Plaintiff E.G. is an individual who is a resident of the City of

Albuquerque.

---

[1] Due to the nature of the facts in this case, Plaintiff is using initials rather than her full name so as to
protect her privacy.

Exhibit A

3.      Officer Dominic Sanchez is an individual employed by the City of Albuquerque as a police officer.  At all pertinent times, he was acting in the course and scope of his employment and under color of state law.

4.      Officer Richard Anderson is an individual employed by the City of Albuquerque as a police officer.  At all pertinent times, he was acting in the course and scope of his employment and under color of state law.

5.      City of Albuquerque is a local government entity organized and existing under the law of the State of New Mexico and is a "person" subject to suit herein.  Upon information and belief, the City of Albuquerque is responsible for the maintenance, operation, management, and control of the Albuquerque Police Department and was at all times material hereto the employer of Defendants Sanchez and Anderson.

## FACTUAL BACKGROUND

6.      Plaintiff realleges and reasserts all prior paragraphs of this Complaint as though fully set forth herein.

7.      On September 9, 2018, Plaintiff was socializing with her friends in downtown Albuquerque.  Plaintiff states that after she drank a beverage she does not recall what happened and she blacked out until the next morning.

8.      Later that evening, the Albuquerque Police Department was called with a report of a woman screaming.  Plaintiff does not recall the events of that night and believes she may have been drugged.

9.      Defendant officers responded and located Plaintiff near Central and 2nd Street NW.

Exhibit A

10.    When they arrived on scene, they made contact with Plaintiff who was yelling obscenities, telling them to get away from her and backing away from them.

11.    The police officers observed that both of Plaintiff's knees were scraped and that she had dried blood on her nose.

12.    Defendant Sanchez continued to try to talk to Plaintiff and to approach her, but she kept walking backwards.

13.    According to Defendant Sanchez's report, Plaintiff became angry and walked towards him in an aggressive manner at which point he conducted a control technique and grabbed her wrist and elbow to place her into handcuffs.  While she was in handcuffs, Defendant Sanchez stated that Plaintiff hit Officer Anderson in the face, and kicked Defendant Sanchez in the groin area.  After placing her on the ground, Defendant officers called for a supervisor and rescue to check on her previous injuries.

14.    The lapel videos tell a different story.  In the videos, Plaintiff can be heard telling the officers not to touch her and that they weren't going to do "the same thing that he did" to her, and that she had been raped.  The Defendant officers did not include this information in their report, nor did they advise the EMS that transported her to UNMH that she was the victim of sexual assault and rape.

15.    As such, there was no SANE exam done at the hospital, and no blood or any other testing to see what drugs she may have been given.  Once her injuries were documented, photographed by the police, and treated she was released to police custody.

16.    Plaintiff was arrested on two (2) charges of Battery Upon A Peace Officer and booked into Bernalillo County Metropolitan Detention Center on September 9, 2018.

Exhibit A

During that time, she was made to throw out her undergarments which would have provided further evidence of her sexual assault and rape.

17.     On September 10, 2018, an Order Setting Conditions of Release and Bond was issued and Plaintiff was released from custody at MDC on Personal Recognizance on September 11, 2018.

18.     She was ordered to appear for Preliminary Examination on October 30, 2018.  The officers failed to appear at the hearing and the case was determined *Nolle Prosequi*, and dismissed without prejudice.

19.     On January 15, 2020, the case was re-filed in Second Judicial District Court without any warning to Plaintiff.

20.     A Preliminary Hearing was scheduled for February 20, 2020.  During that hearing, Officer Anderson admitted under oath that he had heard Plaintiff state that she had been the victim of sexual assault, but that they did not include that information in their reports, otherwise communicate that information to anyone, or conduct any follow-up investigation into whether she had been sexually assaulted and raped.

21.     Following the officers' testimony, Judge Art Gonzales found that Officers Sanchez and Anderson did not have probable cause to arrest Plaintiff in that she hadn't committed a crime and dismissed all charges.

22.     As a direct and proximate result of the Defendants' conduct set forth above, Plaintiff was illegally and unlawfully seized, arrested, assaulted, battered, and incarcerated for two (2) days without her consent.

Exhibit A

23.     Plaintiff suffered mental distress, anguish, fear, severe anxiety, and emotional suffering.  Plaintiff continues to require therapy to deal with what has been diagnosed as PTSD.

24.     Defendants' conduct was willful, wanton, malicious, and in utter disregard and deliberate indifference for Plaintiff's legal rights, warranting imposition of punitive damages.

## COUNT I
## FOURTH AMENDMENT CLAIM -UNREASONABLE SEIZURE
## (AGAINST DEFENDANTS SANCHEZ AND ANDERSON)

25.     Plaintiff realleges and reasserts all prior paragraphs of this Complaint as though fully set forth herein.

26.     Plaintiff has a Fourth Amendment right to be free of unreasonable seizures.

27.     Defendants violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

28.     As a result of Defendants' actions as set forth herein, Plaintiff suffered mental distress, anguish, fear, severe anxiety, and emotional suffering.  Plaintiff continues to require therapy to deal with what has been diagnosed as PTSD.

29.     Defendants' conduct was willful, wanton, malicious, and in utter disregard and deliberate indifference for Plaintiff's legal rights, warranting imposition of punitive damages.

30.     Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiff prevails.

Exhibit A

## COUNT II
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION
### (AGAINST DEFENDANT CITY OF ALBUQUERQUE)

31.     Plaintiff realleges and reasserts all prior paragraphs of this Complaint as though fully set forth herein.

32.     Upon information and belief, Officer Sanchez is an employee of the City of Albuquerque.

33.     Upon information and belief, Officer Anderson is an employee of the City of Albuquerque.

34.     Defendant City of Albuquerque was negligent in hiring, training, supervising, and retaining Defendants Sanchez and Anderson.

35.     Defendant City of Albuquerque's negligence includes, but is not limited to:

a)  inadequate screening of Defendants Sanchez and Anderson as prospective employees;

b)   inadequate management;

c)  training and enforcement of policies regarding citizen encounters;

d)   proper police work;

e)   knowledge of the law that they have been given the privilege to enforce;

f)  placement or retention of Defendants Sanchez and Anderson in direct community service and law enforcement positions;

g)  failing to discipline; and

h)  inadequate supervision of Defendants Sanchez and Anderson.

36.     As a direct and proximate result of Defendants' conduct as set forth herein, Plaintiff suffered mental distress, anguish, fear, severe anxiety, and emotional

Exhibit A

suffering.  Plaintiff continues to require therapy to deal with what has been diagnosed as
PTSD.

37.     Defendants' conduct was willful, wanton, malicious, and in utter disregard
and deliberate indifference for Plaintiff's legal rights, warranting imposition of punitive
damages.

38.     Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to ask the court for
reasonable attorney's fees and litigation expenses if Plaintiff prevails.

**COUNT III**
**MALICIOUS PROSECUTION**
**(AGAINST ALL DEFENDANTS)**

39.     Plaintiff realleges and reassert all prior paragraphs of this Complaint as
though fully set forth herein.

40.     Defendants unlawfully and illegally arrested Plaintiff.  Defendants knew or
should have known there was no probable cause to believe that Plaintiff was guilty of any
crime whatsoever.

41.     Nevertheless, Defendants detained and arrested Plaintiff despite having no
probable cause to do so.

42.     Defendants falsely and maliciously prosecuted Plaintiff for a crime she did
not commit and abused the process by bringing false charges.

43.     Defendant Sanchez perjured himself in his police report by stating that
Plaintiff had assaulted him and in not including Plaintiff's statement that she had been
sexually assaulted.

44.     The video is clear.

45.     Nevertheless, Plaintiff was arrested for assault on a police officer.

Exhibit A

46.     As a direct and proximate result of Defendants' conduct as set forth herein, Plaintiff suffered mental distress, anguish, fear, severe anxiety, and emotional suffering.  Plaintiff continues to require therapy to deal with what has been diagnosed as PTSD.

47.     Defendants' conduct was willful, wanton, malicious, and in utter disregard and deliberate indifference for Plaintiff's legal rights, warranting imposition of punitive damages.

## COUNT IV
## RESPONDEAT SUPERIOR
## (AGAINST DEFENDANT CITY OF ALBUQUERQUE)

48.     Plaintiff realleges and reasserts all prior paragraphs of this Complaint as though fully set forth herein.

49.     Defendant Officers who performed the aforementioned illegal acts against Plaintiff were, at all times material hereto, employees and/or agents of Defendant City of Albuquerque.

50.     Department Officers who performed the aforementioned illegal acts against Plaintiff were, at all times material hereto, acting within the course and scope of their employment with Defendant City of Albuquerque.

51.     Defendant City of Albuquerque is liable for the actions of Defendant Officers who performed the aforementioned illegal acts against Plaintiff.

52.     Defendant City of Albuquerque approved, authorized, and ratified the conduct of Defendant Officers who performed the aforementioned illegal acts against Plaintiff.

Exhibit A

53.     As a direct and proximate result of Defendants' conduct as set forth herein, Plaintiff suffered mental distress, anguish, fear, severe anxiety, and emotional suffering.  Plaintiff continues to require therapy to deal with what has been diagnosed as PTSD.

54.     Defendants' conduct was willful, wanton, malicious, and in utter disregard and deliberate indifference for Plaintiff's legal rights, warranting imposition of punitive damages.

## COUNT V
## MONELL CLAIM
## (AGAINST DEFENDANT CITY OF ALBUQUERQUE)

57.     Prior to September 9, 2018, the City of Albuquerque, Albuquerque Police Department, and the Chief of Police for the City of Albuquerque Police developed and enforced policies and customs that exhibited deliberate indifference to the constitutional rights of Plaintiff.

58.     The aforementioned, were aware that it is under an obligation to provide all citizens, including Plaintiff, the right to fully investigate all crimes and reports, to render aid to those who have been victims of a crime such as sexual assault and rape, to ensure that all citizens', including Plaintiff, rights were secure and not violated.

59.     At all times relevant to this Complaint, it was the policy and custom of the aforementioned to fail to train, properly supervise, discipline, and terminate employees who failed to do the acts as set forth herein thereby failing to adequately prevent the constitutional violations of Plaintiff's rights by its employees.

60.     At all times relevant to this Complaint, it was the policy and custom of the aforementioned to fail to train, properly supervise, discipline, and terminate employees

who without probable cause arrested and then maliciously prosecute a woman who had been the victim of sexual assault and rape thereby failing to adequately prevent the constitutional violations of Plaintiff's rights by its employees.

61.     The aforementioned, as stated herein acted recklessly, intentionally, or with gross negligence.

62.     The above-described policies and customs as well as the failure to train, discipline,  or terminate demonstrate a deliberate indifference on the part the aforementioned to Plaintiff's constitutional and state law rights and were the cause of the violations to those rights as alleged herein.

63.     As a direct and proximate result of Defendants' conduct as set forth herein, Plaintiff suffered mental distress, anguish, fear, severe anxiety, and emotional suffering.  Plaintiff continues to require therapy to deal with what has been diagnosed as PTSD.

64.     Defendants' conduct was willful, wanton, malicious, and in utter disregard and deliberate indifference for Plaintiff's legal rights, warranting imposition of punitive damages.

65.     Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiff prevails.

**COUNT VI**
**STATE TORT CLAIMS - FALSE ARREST,**
**FALSE IMPRISONMENT, ASSULT AND BATTERY**
**(AGAINST DEFENDANTS SANCHEZ AND ANDERSON)**

**66.**     Plaintiff realleges and reasserts all prior paragraphs of this Complaint as though fully set forth herein.

**67.**     The actions of Defendants were not justified or privileged under state law.

Exhibit A

**68.**   Defendants had no probable cause to arrest or detain Plaintiff.

69.   Defendants' illegal detention and arrest of Plaintiff constitutes false arrest, false imprisonment, assault, and battery.

70.   As a direct and proximate result of Defendants' conduct as set forth herein, Plaintiff suffered mental distress, anguish, fear, severe anxiety, and emotional suffering.  Plaintiff continues to require therapy to deal with what has been diagnosed as PTSD.

71.   Defendants' conduct was willful, wanton, malicious, and in utter disregard and deliberate indifference for Plaintiff's legal rights, warranting imposition of punitive damages.

### COUNT VII
### VIOLATION OF NMSA 29-1-1
### (AGAINST DEFENDANTS SANCHEZ AND ANDERSON)

**72.**   Plaintiff realleges and reasserts all prior paragraphs of this Complaint as though fully set forth herein.

73.   N.M. Stat. Ann. § 29-1-1 Sets forth that it is the duty of every sheriff, deputy sheriff, constable and every other peace officer to investigate all violations of the criminal laws of the state which are called to the attention of any such officer or of which he is aware, and it is also declared the duty of every such officer to diligently file a complaint or information, if the circumstances are such as to indicate to a reasonably prudent person that such action should be taken, and it is also declared his duty to cooperate with and assist the attorney general, district attorney or other prosecutor, if any, in all reasonable ways. Such cooperation shall include the prompt reporting of all arrests for liquor law violations at licensed liquor establishments to the department of alcoholic

Exhibit A

beverage control. Failure to perform his duty in any material way shall subject such officer to removal from office and payment of all costs of prosecution.

74.     As set forth herein with greater specificity, Defendants violated and breached their duties under this statute of which Plaintiff was a beneficiary and of which was meant to protect all citizens including but not limited to Plaintiff.

75.     As a direct and proximate result of Defendants' conduct as set forth herein, Plaintiff suffered mental distress, anguish, fear, severe anxiety, and emotional suffering.  Plaintiff continues to require therapy to deal with what has been diagnosed as PTSD.

WHEREFORE, Plaintiff requests compensatory damages and punitive damages under the federal and state claims against the individual Defendants in their individual capacities and as employees of the City of Albuquerque; reasonable costs and attorney's fees incurred in bringing this action and any other compensation the Court deems appropriate.

Respectfully submitted,

**LAW OFFICES OF FRANCES A. CROCKETT**

*/s/ Frances C. Carpenter*
Frances C. Carpenter
925 Luna Circle NW
Albuquerque, NM 87102
Phone: 505-314-8884
Fax: 505-835-5658
*Attorney for Plaintiff*

Exhibit A