IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

E.G.

    **Plaintiff,**

v.                                                                                          1:20-cv-00925-JB-LF

**CITY OF ALBUQUERQUE, OFFICER
DOMINIC SANCHEZ, in his individual
Capacity and as employee of the City of
Albuquerque; and OFFICER RICHARD
ANDERSON, in his individual Capacity
And as employee of the City of Albuquerque,**

    **Defendants.**

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF'S FEDERAL CLAIMS BASED IN PART ON QUALIFIED IMMUNITY

COME NOW Defendants City of Albuquerque, Officer Dominic Sanchez, in his individual capacity and as employee of the City of Albuquerque; and Officer Richard Anderson in his individual capacity and as employee of the City of Albuquerque (hereafter "City Defendants"), by and through their counsel of record, the Law Office of Jonlyn M. Martinez, LLC, and hereby file a Motion for Summary Judgment of Plaintiff's Federal Claims Based In Part On Qualified Immunity.

Counsel for the Plaintiff has been contacted and opposes this Motion.

The Plaintiff's Complaint contains seven counts. However, this Motion seeks the dismissal of the Plaintiff's federal claims only: Count I: Fourth Amendment Claim – Unreasonable Seizure (Against Defendants Sanchez and Anderson), Count III: Malicious Prosecution (Against all Defendants) and Count V: Monell Claim (Against Defendant City of Albuquerque). This Motion also seeks qualified immunity on behalf of the individually named Defendants.

1

## BACKGROUND

On September 9, 2018, Defendants Sanchez and Anderson were dispatched to the intersection of 2nd St and Central Ave in reference to a call for service related to domestic violence. When the officers arrived at the scene a security officer, who appeared to be employed by a nearby business, indicated that the Plaintiff assaulted her boyfriend. This security guard pointed at the Plaintiff and informed the officers that the Plaintiff was the individual they were looking for. Defendants Sanchez and Anderson made contact with the Plaintiff. The Plaintiff was yelling expletives and told the officers to get away from her. The officers attempted to talk to the Plaintiff and have her sit down, but she kept backing away and would not listen. The Plaintiff became angry, ran towards Officer Sanchez and struck him with her hands. The Plaintiff then battered Officer Anderson. While the officers were attempting to place her in handcuffs, she kicked Officer Sanchez in the groin. The Plaintiff was arrested for the crime of battery on a peace officer. The Plaintiff was placed on the ground and a supervisor and rescue were called to check on Plaintiff's previous injuries.

## UNDISPUTED MATERIAL FACTS

1. On September 9, 2018, Defendants Sanchez and Anderson were dispatched to the intersection of 2nd St and Central Ave in reference to a call for service related to domestic violence. *See audio recording of dispatch*, attached hereto as Exhibit A.[1]

2. Officer Dominic Sanchez arrived at the Plaintiff's location and initially made contact with a security guard who told him that the Plaintiff was beating up her boyfriend. *See Sanchez*

---

[1] Exhibits A, B and C will be submitted through a Notice of Lodging because they consist of audio and video evidence and cannot be submitted via CM/ECF.

*Lapel Video*, at 1:55, attached hereto as Exhibit B. The following information is captured on

Officer Sanchez's lapel camera:

| Speaker | Comment | Time Stamp |
|---|---|---|
| Officer Sanchez | (Hears then sees EG) Hey Hey. What's going on who is she. | 1:46 |
| EG | "FUCK YOU." | 1:48 |
| Officer Sanchez | "What's going on who is she?" | 1:55 |
| Security Guard | She was over here, and she assaulted her boyfriend earlier been following her around our property | 1:55 |
| EG | "Just stand right there cause you know what. stop stop.!" | 2:02 |
| Officer Sanchez | "Just relax ma'ma" | 2:06 |
| EG | "STOP RIGHT THERE!" | 2:07 |
| Officer Sanchez | "Just relax" | 2:08 |
| EG | "Just hanging out right there" | 2:10 |
| Officer Sanchez | "Just stop right there for me." | 2:11 |
| EG | "Just stop right there" | 2:12 |
| Officer Sanchez | "Just stop right there for me. What's going. Come here" | 2:13 |
| EG | "Just stop right there" | 2:15 |
| Officer Sanchez | "Come here. See your going to fall see. Come sit down on the curb for me." | 2:16 |
| EG | "Stooob right there or don't" | 2:21 |
| Officer Sanchez | "Just come over here. Come here we want to help ya." | 2:24 |
| EG | "Staaap right there" | 2:28 |
| Officer Sanchez | "What's going on come here come here" | 2:28 |
| EG | "Shh you know" | 2:30 |
| Officer Sanchez | "Come talk to me" | 2:31 |
| EG | "He wants you to do his bidding. Staap right there cunt you stupid fucking idiot" | 2:36 |
| Officer Sanchez | "Okay yeah talk to him Just go ahead and stop right there hey hey" | 2:39 |
| EG | **Charges at Officer Sanchez**<br>**Punches Officer Anderson** | 2:40 |
| Officer Anderson | "Don't hey don't" | 2:42 |
| EG | "Just Stop" (*Still fighting with Officers*) "Just STOP" | 2:43 |
| Officer Sanchez | "Stop" | 3:04 |
| EG | "I've been stopping this fucking idiot" *(donkey kicks Officer Sanchez)* | 3:08 |

3

| Officer Anderson | "Stop fighting us" | 3:10 |
| --- | --- | --- |
| EG | "Do it cunt fucking KILL ME. Do it Whooooo I'm falling. Oh I'm falling. Fucking morons" | 3:12 |
| Officer Anderson | "Why are you kicking us?" | 3:31 |
| EG | "Don't fucking TOUCH ME!" | 3:34 |
| Officer Sanchez | "She kicked me in the groin man" | 3:34 |
| Officer Anderson | "You okay man" | 3:35 |
| Officer Sanchez | "Yeah" | 3:36 |
| EG | "Don't touch me you FUCKING IDIOTS!!!! Your absolute so stupid" | 3:39 |
| Officer Sanchez | (*Call on radio*) "Stop kicking" | 3:47 |
| EG | "Okay you fucking ass hole retard" | 3:50 |
| Officer Sanchez | *Walking over to Boyfriend (calls out on radio I got a 2,2,6)* | 3:53 |
| EG | "Your so dumb your so dumb" | 3:53 |
| Officer Anderson | "What's your name mam" | 3:59 |
| EG | "You are so fucking DUMB" | 4:05 |
| Officer Sanchez | "Let try to sit her up at least" | 4:06 |
| Officer Anderson | "If we sit you up are you going to keep trying to fight us?" | 4:11 |
| EG | "DON'T YOU FUCKING TOUCH ME!!! DON'T TOUCH ME. Don't fucking touch me You absolute retard." | 4:10 |
| Officer Sanchez | *Walks over to boyfriend* "Alright man. Is that your girlfriend?" | 4:20 |
| Boyfriend | "Yes she punched the shit out of me." | 4:32 |

3. Officer Richard Anderson arrived at the Plaintiff's location and assisted Officer Sanchez take the Plaintiff into custody. *See Anderson Lapel Video*, at 1:14, attached hereto as Exhibit C. The following information is captured on Officer Anderson's lapel camera:

| Speaker | Comment | Time stamp |
| --- | --- | --- |
| E.G. | "Stop right there" | :49 |
|  | *Security guard points out boyfriend* | :56 |
| Officer Anderson | Tells Officer Sanchez where boyfriend is located | 1:04 |
|  | *E.G. charges Officer Sanchez and strikes him with her hands* | 1:10 |
|  | *Officer Anderson attempts to touch E.G. and she punches him* | 1:14 |
| E.G. | "Stop it fucking idiots" | 1:32 |

4

|  | *Plaintiff kicks Officer Sanchez* | 1:39 |
|---|---|---|
| Officer Anderson | "Stop fighting us" | 1:40 |
| E.G. | "Do it cunt fucking kill me" | 1:41 |
| Officer Sanchez | "Put another handcuff on she is kicking too" | 1:47 |
| Officer Anderson | "That is right" | 1:48 |
| Officer Anderson | "Why are you kicking us" | 2:01 |
| Officer Sanchez | "She kicked me in the groin dude" | 2:04 |
| Officer Anderson | "Are you ok dude?" | 2:06 |
| E.G. | "Don't fucking touch me you fucking idiots" | 2:07 |
| Both Officers | "Stop kicking us" | 2:17 |
| E.G. | "You fucking asshole retards you are so dumb" | 2:19 |

4. The Plaintiff attacked and struck Officer Sanchez and she attacked and struck Officer Anderson. *See Exhibit C*, at 2:40 to 3:10, *and see Exhibit D*, at 1:10 to 1:40.

5. The Plaintiff was arrested for and charged with battery upon a peace officer. *See criminal complaint*, attached hereto as Exhibit D.

6. The Plaintiff has no recollection of the events at issue in this litigation. *See Plaintiff's Complaint*, at ¶ 7. [Document No. 1-2].

## POINTS AND AUTHORITIES

Rule 56(a) of the Federal Rules of Civil Procedure states: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The movant bears the initial burden of 'show[ing] that there is an absence of evidence to support the nonmoving party's case.'" *Lopez v. Delta Int'l Mach. Corp*., 312 F. Supp. 3d 1115, 1132-1133  (D.N.M. 2018), quoting *Herrera v. Santa Fe Pub. Sch*., 956 F. Supp. 2d 1191, 1221 (D.N.M. 2013) (Browning, J.)(quoting *Bacchus Indus., Inc. v. Arvin Indus., Inc*., 939 F.2d at 891). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Lopez*, at 1122, quoting

*Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc*., 912 F.2d 1238, 1241 (10th Cir. 1990). *See Vitkus v. Beatrice Co*., 11 F.3d 1535, 1539 (10th Cir. 1993) ("However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."). A party cannot "avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." *Colony Nat'l Ins. Co. v. Omer*, 2008 U.S. Dist. LEXIS 45838, at *1 (D. Kan. 2008)(Robinson, J.)(citing *Argo v. Blue Cross & Blue Shield of Kan., Inc*., 452 F.3d 1193, 1199 (10th Cir. 2006); Fed. R. Civ. P. 56(e)).  In the present case, there are no factual disputes.  Therefore, the Defendants are entitled to summary judgment concerning the Plaintiff's federal claims in this matter.

### A. The Plaintiff's Fourth Amendment Claim for Unreasonable Seizure against Defendants Sanchez and Anderson in Count I Fails.

The Plaintiff alleges that Defendants Sanchez and Anderson unreasonably seized her when she was arrested. *See Count I*, of Plaintiff's Complaint. [Document No. 1-2]. The Defendants submit that they had reasonable suspicion for their initial encounter with the Plaintiff that then turned into probable cause when the Plaintiff engaged in battery on a peace officer. As set forth above, Defendants Sanchez and Anderson were dispatched to the Plaintiff's location in reference to a domestic violence incident. *See Undisputed Material Facts (hereafter "Facts")*, at ¶ 1. When they arrived, a security officer pointed to the Plaintiff and explained that she had beat up her boyfriend. *Id*., at ¶ 2. Therefore, the Officers had reasonable suspicion that the Plaintiff was the individual for whom they had been dispatched.

"For reasonable suspicion to exist, an officer 'need not rule out the possibility of innocent conduct;' he or she simply must possess 'some minimal level of objective justification' for making the stop." *United States v. Winder*, 557 F.3d 1129, 1134 (10th Cir. 2009)(quoting *United*

6

*States v. Vercher*, 358 F.3d 1257, 1261 (10th Cir. 2004)). This standard is met by information "falling 'considerably short' of a preponderance standard." *United States v. Winder*, 557 F.3d at 1134. *See Illinois v. Wardlow*, 528 U.S. 119, 123, 120 S. Ct. 673, 145 L. Ed. 2d 570 (2000)(noting that "'reasonable suspicion' is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence..."). In this case, the Officers attempted to investigate this matter by speaking with the Plaintiff. *Facts*, at ¶ 2. After the Officers began speaking with the Plaintiff, she became belligerent and attacked Officer Sanchez. *Facts*, at ¶ 4. She then attacked Officer Anderson. *Id*. Thus, the Plaintiff committed the crime of battery on a peace officer. *See NMSA § 30-22-24*. The criminal complaint filed by Officer Sanchez charged the Plaintiff with this crime. *Facts*, at ¶ 5.

"Probable cause to arrest exists only when the 'facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.'" *Ward v. City of Hobbs*, 398 F. Supp. 3d 991, 1057 (D.N.M. 2019), quoting *United States v. Valenzuela*, 365 F.3d 892, 896-97 (10th Cir. 2004). Officers Sanchez and Anderson were both battered by the Plaintiff. *Facts*, at ¶¶'s 4-5. Therefore, they knew that an offense had been committed and the Plaintiff's arrest was proper.

**B. The Plaintiff's Claim for Malicious Abuse of Process in Count III Fails**.

The Plaintiff alleges that the Defendants falsely and maliciously prosecuted Plaintiff for a crime she did not commit and abused the process by bringing false charges. *See Count III,* at ¶ 40, of Plaintiff's Complaint. [Document No. 1-2]. The Fourteenth Amendment protects individuals against deprivations of liberty without due process of law. *Myers v. Koopman*, 738

7

F.3d 1190, 1193 (10th Cir. 2013), citing U.S. Const. amend. XIV, § 1. If a state actor's harmful conduct is unauthorized and thus could not be anticipated pre-deprivation, then an adequate post-deprivation remedy—such as a state tort claim—will satisfy due process requirements. ***Becker v. Kroll***, 494 F.3d 904, 921 (10th Cir. 2007) (citing ***Parratt v. Taylor***, 451 U.S. 527, 535-44, 101 S. Ct. 1908, 68 L. Ed. 2d 420, (1981), ***overruled on other grounds by Daniels v. Williams***, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)).

In the present case, the Plaintiff alleges that the Defendants lied in order to fabricate probable cause for an arrest subsequent prosecution. ***See Count III,*** of Plaintiff's Complaint. [Document No. 1-2]."Such lawlessness could not have been anticipated or prevented pre-deprivation, but a post-deprivation malicious-prosecution claim serves as an effective antidote." ***Meyers***, 738 F.3d at 1193. New Mexico law provides that remedy. ***Stokes v. Landaviso***, No. 1:15-cv-00079-RB-LF, 2018 U.S. Dist. LEXIS 41958, at *15-16 (D.N.M. Mar. 9, 2018), citing ***Durham v. Guest,*** 2009-NMSC-007, ¶ 29, 145 N.M. 694, 701, 204 P.3d 19, 26 (outlining the elements of a malicious abuse of process claim under New Mexico law); N.M. STAT. ANN. § 41-4-12 (law enforcement officers are not immune from liability for injuries resulting from various torts, including malicious prosecution). "The existence of the state remedy flattens the Fourteenth Amendment peg on which [Stokes] now tries to hang his § 1983 malicious-prosecution claim." ***Id***., quoting ***Meyers,*** 738 F.3d at 1193. As in ***Stokes***, because post-deprivation state tort remedies exist and satisfy due process requirements, the Plaintiff has an adequate remedy under state law. Therefore, the Plaintiff's claim for malicious prosecution under the Fourteenth Amendment must be dismissed with prejudice.

**C. The Plaintiff's Monell Claim in Count V Fails and Should Be Dismissed with Prejudice.**

This Count is solely against the City of Albuquerque. In order to maintain such a claim against the employing entity, Plaintiff has to sufficiently allege that whatever harm befell the Plaintiff was the result of an unconstitutional policy related to said harm, in this instance, a purported Fourth Amendment violation. *See Monell v. Dep't of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

To establish such municipal liability herein, Plaintiff must demonstrate: (i) that an officer committed the underlying constitutional violation; (ii) that a municipal policy or custom exists; and (iii) that there is a direct causal link between the policy or custom, and the injury alleged. *See Graves v. Thomas,* 450 F.3d 1215, 1218 (10th Cir. 2008). In the first place, there simply is not a constitutional violation by any individual, as established above.

> The Jail Defendants are correct that the Monell claim is not a separate, stand-alone claim "for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Okin v. Village of Cornwall–On–Hudson Police Dep't*, 577 F.3d 415, 439 (2d Cir.2009)(emphasis in original). Of course, the *Monell* liability fails if M. Romero cannot prove a constitutional violation in her other counts. *See Graves v. Thomas*, 450 F.3d at 1218. In other words, if the Defendants show that they did not violate A. Romero's constitutional rights, then the Court must dismiss the Monell claim.

*Romero v. Bd. of County Commissioners for the County of Curry,* 202 F. Supp. 3d 1223, 1266–68 (D.N.M. 2016).

Further, of course there is no formal policy, but Plaintiff has utterly failed to establish any custom or practice.

> The plaintiff cannot simply allege that there is a policy in place, but, rather, must plead facts that, if true, would give rise to a plausible inference that such a policy exists. With formal or written policies, satisfying this pleading standard is easy; the plaintiff can simply allege what the policy is and where it is codified. With informal, unwritten policies, customs, or practices, the plaintiff can plead either a pattern of multiple similar instances of misconduct -- no set number is required, and the more unique the misconduct is, and the more similar the incidents are to

9

> one another, the smaller the required number will be to render the alleged policy plausible -- or use other evidence, such as a police officers' statements attesting to the policy's existence. The Tenth Circuit has not explicitly held that to be pleading requirements, but they have implied that district courts should analyze policies, practices, or customs under *Monell* as "legal conclusions" at the pleading stage -- which must evidence factual support, rather than conclusorily alleged -- and not "facts" in and of themselves, to be taken as true at face value…

*Ward v. City of Hobbs*, 398 F. Supp. 3d 991, 1039 (D.N.M. 2019), **appeal dismissed**,

*Ward v. City of Hobbs,* 2019 WL 8064625 (10th Cir. Nov. 25, 2019). Indeed, as that same court recognized:

> [T]he mere allegation of a single act of unconstitutional conduct by a municipal employee will not support the inference that such conduct was pursuant to official policies. On the other hand, where the plaintiff alleges a pattern or a series of incidents of unconstitutional conduct, then the courts have found an allegation of policy sufficient to withstand a dismissal motion. *Powe v. City of Chi.*, 664 F.2d 639, 650 (7th Cir. 1981).

*Ward v. City of Hobbs*, *supra*, 398 F. Supp. 3d at 1040. Other than conclusory allegations, the Plaintiff has alleged no facts which would establish the requisite pattern and practice to establish the City of Albuquerque's liability under *Monell*. Therefore, the Plaintiff's claims contained in Count V must be dismissed with prejudice.

**D.  The Individually Named Defendants Are Entitled to Qualified Immunity.**

The doctrine of qualified immunity shields officials from civil liability so long as their conduct "'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" ***Mullenix v. Luna***, 136 S. Ct. 305, 308 (2015), ***quoting Pearson v. Callahan***, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (***quoting Harlow v. Fitzgerald***, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." ***Id***., ***quoting Reichle v. Howards***, 566 U.S. 658, 664, 132 S. Ct. 2088, 182 L. Ed. 2d 985, 989 (2012) (internal quotation marks and alteration

omitted). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." ***Id***., ***quoting Ashcroft v. al-Kidd***, 563 U.S. 731, 741, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011). Put simply, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." ***Id***., ***quoting Malley v. Briggs***, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986).

Qualified immunity is designed to prevent the "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." ***Harlow, supra***, 457 U.S., at 816, 102 S.Ct., at 2737. Specifically, the policy underpinnings of this doctrine involve "strik[ing] a balance 'between the need, on one hand, to hold responsible public officials exercising their power in a wholly unjustified manner and, on the other hand, to shield officials responsibly attempting to perform their public duties in good faith from having to explain their actions to the satisfaction of a jury.' " ***Locurto v. Safir***, 264 F.3d 154, 162-63 (2d Cir.2001) (***quoting Kaminsky v. Rosenblum***, 929 F.2d 922, 924-25 (2d Cir.1991)). The doctrine recognizes that officials can act without fear of harassing litigation only if they reasonably can anticipate when their conduct may give rise to liability for damages and only if unjustified lawsuits are quickly terminated. ***Butz v. Economou***, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

The presumption in favor of finding qualified immunity is necessarily high, protecting "all but the plainly incompetent or those who knowingly violate the law." ***Malley v. Briggs***, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). Where "officers of reasonable competence could disagree on th[e] issue, immunity should be recognized." ***Id.*** Simply stated, qualified immunity ensures "that before they are subjected to suit, officers are on notice their conduct is unlawful." ***Saucier v. Katz***, 533 U.S. 194, 206, 121 S.Ct. 2151, 150 L.Ed.2d 272

(2001). Where qualified immunity is raised as a defense to a claim under Section 1983, it is plaintiff's burden to point to particular facts that overcome same. *See **Mitchell v. Forysthe,** **supra,*** 472 U.S. at 526. Plaintiff's burden has been described by the Tenth Circuit as a "heavy two-part burden", entailing first a showing that defendant's actions violated a constitutional right, and second, that those rights were clearly established at the time of the conduct at issue. ***Albright v. Rodriquez,*** 51 F.3d 1531, 1534 (10th Cir. 1995).

> The Tenth Circuit has held that:
>
> [P]laintiff must do more than identify a clearly established legal test and then allege that the defendant has violated it. The plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited. The 'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'

***Hannula v. City of Lakewood,*** 907 F.2d 129, 131 (10th Cir. 1990) ***(quoting Anderson v. Creighton,*** 483 U.S. 635, 640 (1987)). The law is clearly established when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as plaintiff maintains. ***Farmer v. Perrill***, 288 F.3d 1254, 1259 (10th Cir.2002). In the present case, as set forth above, Officer Sanchez and Officer Anderson did not violate the Plaintiff's rights. The Plaintiff was arrested only after she battered Officer Sanchez and Officer Anderson.[2] Further, Officer

---

[2] The Defendants submit that the videos at issue in this litigation, Exhibits B and C demonstrate that the Plaintiff was arrested only after she battered Officer Sanchez and Officer Anderson. The Defendants submit that pursuant to ***Scott v. Harris***, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007):

> "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). When opposing parties tell two different stories, one of which is blatantly

Sanchez and Officer Anderson did not violate any clearly established law. To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987. The United States Supreme Court has repeatedly reiterated that the clearly established prong is a fact-intensive inquiry. *See White v. Pauly*, 137 S. Ct. 548, 552 (2017); *Mullenix v. Luna*, 136 S. Ct. 305, 308-09 (2015). "Clearly established law" should not be defined "at a high level of generality." *White*, 137 S. Ct. at 548 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). Otherwise, "[p]laintiffs would be able to convert the rule of qualified immunity ... into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." *Id*. The undersigned was unable to locate a case holding that arresting someone after they committed a battery on a law enforcement officer violated an individual's Fourth Amendment rights. Therefore, Officer Sanchez and Officer Anderson did not violate any clearly established law and they are entitled to qualified immunity.

## CONCLUSION

For all the foregoing reasons, the Defendants request that that this Court grant their Motion for Summary Judgment based in part on qualified immunity.

---

contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

Respectfully Submitted:

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By: */s/ Jonlyn M. Martinez*
    JONLYN M. MARTINEZ
    Attorney for Defendants
    P.O. Box 1805
    Albuquerque, NM 87103-1805
    P: (505) 247-9488
    jonlyn@jmartinezlaw.net

I hereby certify that a copy of the foregoing was served via CM/ECF on October 15, 2020 to all counsel of record:

*/s/ Jonlyn M. Martinez*

14