## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**E.G.[1],**

**Plaintiff,**

**vs.**                                    **CASE NO:  1:20-CV-00925-JB-LF**

**CITY OF ALBUQUERQUE, OFFICER
DOMINIC SANCHEZ, in his individual
Capacity and as employee of the City of
Albuquerque; and OFFICER RICHARD
ANDERSON, in his individual Capacity
and as employee of the City of Albuquerque,**

**Defendants**.

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING OUTCOME OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, by and through her attorney, Law Office of Frances Crockett, LLC (Frances C. Carpenter), hereby responds to Defendants' Motion to Stay Proceedings Pending Outcome of Defendants' Motion for Partial Summary Judgment (hereinafter "Motion") and respectfully requests that the Court deny Defendants' Motion. As grounds, Plaintiff states as follows:

### I.    Introduction

This case is based on events of September 9, 2018, during which Plaintiff, E.G., was illegally seized by Defendants Sanchez and Anderson when they responded to a report of a woman screaming in the downtown Albuquerque area.

### II.    Procedural History of the Case

On August 27, 2020, Plaintiff filed her Complaint against Defendants. On August 11, 2020, Defendants removed the case to Federal Court. On October 6, 2020, counsel for the Parties

---

[1] Due to the nature of the facts in this case, Plaintiff is using initials rather than her full name so as to protect her privacy.

had a meet and confer pursuant to Fed. R. Civ. P 26(f) and developed their discovery plan. On October 13, 2020, Plaintiffs served Defendants their first set of discovery and at that time Plaintiffs expected full responses on or before November 13, 2020. On October 15, 2020 Defendants' filed their Motion for Summary Judgment [Doc. 13].

On October 29, 2020, Counsel for Defendants requested an extension of two weeks to respond to the aforementioned discovery and counsel for Plaintiff granted said extension making Defendants' responses due on or before November 26, 2020. As such, Plaintiff will have to file their response to Defendants' Motion for Summary Judgment without the aid of any discovery. Plaintiff will be filing a Motion to Conduct Limited Discovery under Fed. R. Civ. P. 56(d). In addition, as will be articulated within Plaintiff's Response to Defendants' Motion for Summary Judgment as well as in Plaintiff's Motion to Conduct Limited Discovery under Fed. R. Civ. P. 56(d) discovery is needed in this case primarily to address the contradictory sworn statements that have been provided by the named Defendants in this case.  Defendant Officers provided sworn testimony in the criminal proceeding against Plaintiff. Defendant Sanchez also provided sworn testimony in his criminal complaint that he filed against Plaintiff and which was used to levy criminal charges against Plaintiff for which she was prosecuted. The judge in the Criminal Court dismissed the charges against Plaintiff without prejudice after hearing said sworn testimony from the Officers stating, *"The Court hereby dismisses this case without prejudice for the following reason: The officers were not in lawful exercise of their duties and therefore there is no probable cause."* See Order attached hereto as Exhibit A.

Defendants provided their Initial Disclosures on September 25, 2020.  These Disclosures included only a list of exhibits and witnesses Defendants plan to use at trial.  On October 13, 2020, Plaintiff's counsel sent an e-mail to Defendants' counsel advising that it did not appear the Initial Disclosures meet the requirements of Rule 26 in that it did not list all of the items in

2

Defendants' possession and control and inquiring as to whether the list of exhibits provided were all documents within their possession and control.

Defendants supplemented their Initial Disclosures on October 20, 2020, providing some additional documents, however, Defendants clearly do not have the document(s) necessary for the Court to fully and fairly evaluate the merits of the claim as the CAD produced and the Dispatch Audio produced do  not match and are clearly not from the same call.

### III.    Argument and Authorities

An absolute or qualified immunity defense does not necessarily stay all discovery. Invocation of the qualified immunity defense is not an automatic bar to all discovery in a Section 1983 action. *Rome v. Romero*, 225 F.R.D. 640, 634 (D.Colo. 2004).  Limited discovery may be necessary when there are disputed facts regarding the incident underlying the lawsuit and the defendant has filed a motion for summary judgment based on qualified immunity. *Crawford-El Britton*, 523 U.S. 574, 593 n. 14 (1998).  Further, a stay of all discovery is generally disfavored, see *Bustos v. U.S*., 257 F.R.D. 617, 623 (D.Colo.2009). Although the power to stay is within the discretion of the Court, it calls for a balancing of interests. As Justice Cardozo has observed,

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.

*Landis v. North American Co*., 299 U.S. 248, 254–55 (1936).

### A. Balancing Interests

Five factors have been recognized as critical to a proper balancing of the competing interests in a stay. Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiff by a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil

litigation; and (5) the public interest. *In Re Mid–Atlantic Toyota Antitrust Litigation*, 92 F.R.D. 358, 359 (D.Md.1981); *Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers*, 87 F.R.D. 53, 56 (E.D.Pa.1980).  Plaintiff would address the five factors as follows:

**Factor 1, the Interest of the Plaintiff in proceeding expeditiously**: This factor strongly favors Plaintiff. As stated, there is discovery that is pending to be responded to. Additionally, Plaintiff would like to take the depositions of the named Defendants as set forth in Plaintiff's Response to Defendants' Motion for Summary Judgment, the named Defendants make many contractions between their sworn statements and the events as reflected in their lapel camera. The Court in the criminal case dismissed with prejudice the criminal charges against Plaintiff because there was no probable cause and that the officers were not in the lawful authority of their duties when they arrested Plaintiff. See Exhibit A. Defendants' counsel was made aware of this as Plaintiff disclosed the transcript and audio of the hearing in the lower court in her initial disclosures.  Despite this, Defendants have filed a Motion for Summary Judgment arguing that there was probable cause. This is a material fact in dispute and Plaintiff should be able to depose the named officers regarding their contradictions.

Defendants' contradictions are also important because they show the court why Plaintiff should be able to conduct discovery and depositions of the officers in this case.[2] There are real credibility issues as shown in the contradictory statements of the Officers. The jury should be the ones to determine which version of the Officers story they wish to believe. The Defendants in this case are asking the court to dispose of this case and the Plaintiff's right to pursue their case

---

[2] "The deposition of a witness will usually be more reliable than his affidavit, since the deponent was either cross-examined by opposing counsel, or at least available to opposing counsel for cross- examination." 6 J. Moore's, *Federal Practice* ¶ 56.22(1) at 2814 (2d ed.1965); *see also Condor v. A.L. Williams & Assocs.*, 739 P.2d 634, 641 n.1 (Utah Ct. App. 1987) ("Indeed, it is now recognized that "because a deposition is taken under oath and the deponent's responses are relatively spontaneous, it is one of the best forms of evidence for supporting or opposing a summary judgment motion.'") (quoting 10A. C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2722, at 51 (1983)) (Orme, J., concurring).

based on sworn statements which contradict other evidence in this case. In *Anderson v. Liberty Lobby Inc*. 106 S.Ct. 2505, 2513-2514 (1986) the United States Supreme Court stated:

> *"Our holding that the clear-and-convincing standard of proof should be taken into account in ruling on summary judgment motions does not denigrate the role of the jury. It by no means authorizes trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, <u>not those of a judge,</u> whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. Adickes, 398 U.S., at 158–159, 90 S.Ct., at 1608–1609. Neither do we suggest that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.  Kennedy v. Silas Mason Co., 334 U.S. 249, 68 S.Ct. 1031, 92 L.Ed. 1347 (1948)."*

In a case where affidavits[3] were the basis of summary judgment but the non-movant did not have the opportunity to cross-examine at least one affiant, the Supreme Court reversed, stating:  "It is only when the witnesses are present and subject  to cross-examination that their credibility and the weight to be given their testimony can be appraised. Trial by affidavit is no substitute for trial by jury which so long has been the hallmark of even handed justice."  *Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 491 (1962) (internal quotation marks omitted)); *see also Anderson*, 477 U.S. at 255 (stating that the Court's holding "does not denigrate the role of the jury[4].  It by no means authorizes trial on affidavits. In this case all the contradiction does is create a jury question, and since the jury can believe any witness in part and disregard the rest.

---

[3] In this case, Defendants attach the sworn criminal complaint made by Officer Sanchez which contradicts his statements made in the criminal court proceeding related to the charges brought against Plaintiff and the lapel videos.

[4] Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.").  Likewise, our Tenth Circuit has overturned a district court's grant of summary judgment based solely on defense affidavits where the plaintiffs requested but were not afforded the opportunity to present controverting material, concluding that the district court "violated both the spirit and the mandates of the applicable rules." *Adams v. Campbell County School District*, 483 F.2d 1351, 1353 (10th Cir. 1973).   "In the present case, we are faced with the question of whether an apparent contradiction between a nonmovant's testimony at deposition and subsequent affidavit is sufficient to create a genuine dispute of material fact. Where a factual conflict exists in plaintiffs' testimony, summary judgment is improper because we do not weigh the evidence." *Sanders v. Smith*, 83 N.M. 706, 710, 496 P.2d 1102, 1106 (Ct. App. 1972). See also *Frito- Lay, Inc. v. Morton Foods, Inc.,* 316 F.2d 298, 301 (10th

Defense counsel's statements that there was reasonable suspicion and probable cause is not supported by the record and cannot be used for Summary Judgment purposes. Counsel for Defendants submits her own understanding of what she believes the case to be about which are the hearsay statements of Defense counsel and nothing more. Defendants' counsel's statements are hearsay and not admissible.

At the point that this discovery is turned over and depositions are taken, the competing factual positions of the Parties will be much clearer and issues, including those in Defendants' Motion for Summary Judgment that could take rounds of motions and even an appeal to resolve can be resolved on the merits. Competing interests should be resolved against a stay of discovery.

**Factor 2, The Burden on Defendants**: As noted, Defendants' responses to Plaintiff's discovery is due in the next few weeks. Defendants could not have believed they would be relieved of that requirement by their motion, as no Order staying discovery will be entered by the time the discovery is due. As to depositions, there is no basis to anticipate they will be oppressive.

**Factor 3, the Convenience of the Court**: Expeditious determination of a case on the merits generally is considered to favor judicial interests. The qualified immunity issue as to any particular Defendant does not conclusively resolve all the issues in the case. Thus, the litigation would continue even if qualified immunity were granted.

**Factor 4, the Interest of Persons Not Parties**: Persons primarily involved as nonparties would be witnesses in the case. No delay in discovery would ultimately prove a benefit nor is it axiomatic that persons with information to share on the issues in this case would regard it as a

---

Cir. 1963) (holding that a comparison of conflicting testimony "cannot conclusively negative the likelihood of confusion as a matter of law") and *Farbwerke Hoeschst A. G. v. M/V "Don Nicky,"* 589 F.2d 795, 798 (5th Cir. 1979) ("[T]he court may not weigh conflicting affidavits to resolve disputed fact issues.").

burden rather than a civic duty. In this case, the security guard and ex-boyfriend who provided testimony by way of the video lapel camera should be deposed. Plaintiff should be able to depose said witnesses to make clear any competing factual positions.

     **Factor 5, the Public Interest**: This case implicates important public interests in that this case shows that law enforcement assume they can illegal arrest a citizen with no probable cause in violation of his Constitutional Rights.

     **B. The assertion of qualified immunity does not automatically entitle Defendants to a Stay of all discovery**

     When a qualified immunity defense is asserted, some discovery is still permitted in three instances: (1) "when the doctrine is asserted in a motion for summary judgment on contested factual assertions;" (2) "when plaintiff may be entitled to facts provided for by Fed.R.Civ.P. 56(d);" and (3) when the defendant "foregoes an opportunity to address the issue prior to the commencement of discovery." *Rome v. Romero*, 225 F.R.D. 640 (D.Colo. 2004).  As the Supreme Court recognized in *Crawford-El*, qualified immunity does not protect an official from <u>all</u> discovery, but only from that which is "broad reaching."   523 U.S. at 594 n.14.

     Plaintiff objects to the Defendants' Motion to Stay Discovery and to its insistence on the Court's immediate consideration of Defendants' Motion for Summary Judgment before discovery is complete. Plaintiff objects on the grounds expressed above and also pursuant to Fed.R.Civ.P. 56(d)(2). As noted, Plaintiff has pending discovery demands to Defendants. *Cowan v. J.C. Penney*, 790 F.2d 1529 (11th Cir.1986) ("We have held that, generally, summary judgment is premature when the moving party has not answered the opponent's interrogatories."). *See Murrell v. Bennett*, 615 F.2d 306, 310 (5th Cir.1980).

     While Plaintiff recognizes that stays of discovery are normally granted as a matter of course in the District of New Mexico when defendants assert qualified immunity through a motion to dismiss or summary judgment, Plaintiff respectfully requests this court examine the

inclination to automatically grant stays of discovery anew and decide whether a stay of discovery will accomplish the goal of relieving public employees from the burdens of discovery in substantial cases. In the Tenth Circuit, the procedure for staying discovery is certainly an approved procedure. *Maxey v Fulton*, 890 F.2d 279, 282 (10th Cir. 1989). However, Plaintiff contends that the original intent of the authority to stay discovery was to protect defendants from "broad reaching" discovery. *Crawford-El v Britton*, 523 U.S. 574, 593 n.14. (1998). The District of Colorado has struck out in a direction different than our district in examining whether the benefits of the stay of discovery will benefit the individual defendants. If the individual defendants will be involved in litigation regardless of the qualified immunity decision, the District of Colorado has tailored discovery orders to balance the needs of all parties. *Rome v. Romero*, 225 F.R.D. 640, 643-45 (D.Colo. 2004). This procedure has been followed in Colorado. See, e.g., *Bustos v United States*, 2009 U.S. Dist. Lexis 15928, *Wallin v Shanaman*, 2009 U.S. Dist. Lexis 1688 (D. Colo.). District Courts in the Fifth Circuit have allowed some discovery in the face of qualified immunity motions as well. See, *Sorrells v City of Dallas,* 192 F.R.D. 203, 210 (N.D. Tex. 2000)(noting that public officials are witnesses in the litigation who will need to give testimony regardless of the outcome of the qualified immunity defense); *Buckner v City of Victoria*, 2008 U.S. Dist. Lexis 66007 (S.D. Tex); *Del A. v Edwin Edwards*, 1988 U.S. Dist. Lexis 1791 (E.D. La. 1988)(discovery not stayed in case involving injunctive relief on foster care case).

  **WHEREFORE**, Plaintiff respectfully requests that the court deny Defendants' Motion to stay the proceedings or in the alternative allow limited discovery to continue as stated herein as well as in Plaintiff's Motion to Conduct Limited Discovery Under Fed.R.Civ.P. 56(d) before a ruling is made on Defendants' Motion for Summary Judgment.

    Respectfully submitted,

8

LAW OFFICE OF FRANCES C. CARPENTER, LLC

*/s/ Frances C. Carpenter*
Frances C. Carpenter
925 Luna Circle NW
Albuquerque, NM 87102
Phone: (505) 314-8884 ; Fax: (505) 835-5658
*Attorneys for Plaintiffs*

I hereby certify that a true and
correct copy of the foregoing
was sent to opposing counsel
via the Odyssey e-filing system this
3rd day of November 2020.

*/s/ Frances C. Carpenter*
Frances C. Carpenter