**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**E.G.[1],**

        **Plaintiff,**

**vs.**                                         **CASE NO:  1:20-CV-00925-JB-LF**

**CITY OF ALBUQUERQUE, OFFICER**
**DOMINIC SANCHEZ, in his individual**
**Capacity and as employee of the City of**
**Albuquerque; and OFFICER RICHARD**
**ANDERSON, in his individual Capacity**
**and as employee of the City of Albuquerque,**

        **Defendants**.

**PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE FED. R. CIV. P. 56(d)**
**AFFIDAVIT OF COUNSEL AND TO PERMIT PLAINTIFF TO CONDUCT LIMITED**
**DISCOVERY AND ISSUE A STAY ON THE RULING UNTIL SUCH TIME THAT THE**
**REQUESTED DISCOVERY IS COMPLETE AND PLAINTIFF CAN FILE A**
**RESPONSE TO DEFENDANTS' MOTION**

COMES NOW Plaintiff, by and through her attorney Law Office of Frances Crockett

(Frances Carpenter), and hereby moves this Court for leave for her counsel to file a Fed.R.Civ.P.

56(d) Affidavit and to Permit Plaintiff to Conduct Limited Discovery and Issue a Stay on the

Ruling on Defendants' Motion for Summary Judgment ("Motion") Until Such Time That The

Requested Discovery is Complete. In support thereof Plaintiff states as follows:

**I.        Introduction**

Plaintiff pursuant to Fed. R. Civ. P. 56(d)[2] requests the Court to allow her to conduct

limited discovery before responding to Defendants' Motion for Summary Judgment and for the

Court to issue a stay on ruling on Defendants' Motion for Summary Judgment until such time

---

[1] Due to the nature of the facts in this case, Plaintiff is using initials rather than her full name so as to protect her privacy.

that the requested discovery is complete. Plaintiffs' counsel has attached her Affidavit hereto as Exhibit A.

On October 13, 2020, Plaintiffs served Defendants their first set of discovery and at that time Plaintiffs expected full responses on or before November 13, 2020. On October 15, 2020 Defendants' filed their Motion for Summary Judgment [Doc. 13]. On October 29, 2020, Counsel for Defendants requested an extension of two weeks to respond to the aforementioned discovery and counsel for Plaintiff granted said extension making Defendants' responses due on or before November 30, 2020.

Specifically, Plaintiff requests leave to conduct discovery regarding the factual assertions in Defendants' Motion for Summary Judgment. Plaintiffs after receipt of the aforementioned discovery responses from Defendants' wishes to take depositions of Defendant Sanchez and Anderson as well as the security guard and Plaintiff's ex-boyfriend to more fully flesh out the facts at issue. Plaintiffs therefore ask the court to stay a ruling on Defendants' summary judgment motion until such time as the requested discovery is complete and ask for sufficient time to file a response brief. Defendants' responses to discovery are due on or before November 30, 2020 and Plaintiff expects to notice and take depositions related thereto by or before the end of December 2020 or January 2021. Therefore it is reasonable that Plaintiff can file her response to Defendants' Motion by or before the end of February 2021[3]. Plaintiff has not sought the concurrence of opposing counsel in regards to this motion given the nature of this motion and Defendants filing of a Motion to Stay [Doc. 15].

## II.    Argument

---

[3] In an abundance of caution, Plaintiff will be filing a response to Defendants' Motion for Summary Judgment by or before November 6, 2020 but as set forth therein as well as in Plaintiff's affidavit, Plaintiff should be able to conduct limited discovery so as to be provided a full and fair opportunity to respond to Defendants' Motion for Summary Judgment.

Plaintiff cannot by affidavit present the additional facts that the Court may deem essential to establishing a genuine issue regarding whether Defendants should be dismissed from this lawsuit. The only practicable method by which Plaintiff can do so would be via discovery. As set forth by *Sanchez v. Lujan*, No. A-1-CA-35721, 2019 WL 4419732, at *4 (N.M. Ct. App. Aug. 22, 2019) "[i]n New Mexico, we have a 'strong bent in favor of deciding matters on their merits' after all interested parties have had a reasonable opportunity to present the legal arguments and the evidence they believe supports their positions. *Citing Atherton v. Gopin*, 2015-NMCA-003, ¶¶ 18, 27, 340 P.3d 630 (reversing district court's ruling prohibiting party opposing summary judgment motion from responding to undisputed facts in moving party's motion). This overarching view of summary judgment is consistent with our case law regarding the timing of summary judgment rulings. '[A]s a general rule, a court should not grant summary judgment before a party has completed discovery, particularly when further factual resolution is essential to determine the central legal issues involved or [when] the facts before the court are insufficiently developed.'" *Citing Sun Country Sav. Bank of N.M., F.S.B. v. McDowell*, 1989-NMSC-043, ¶ 27, 108 N.M. 528, 775 P.2d 730 (citations omitted). The Court went on to explain that "[w]hen determining whether a district court granted summary judgment without affording the nonmoving party an adequate opportunity to complete discovery, we consider "several critical factors": (1) "whether the [nonmoving] party sought a continuance at the summary judgment motion hearing to complete its discovery"; (2) "whether, after the filing of the summary judgment motion until the grant of summary judgment, sufficient time existed for the nonmoving party to use discovery procedures and obtain necessary discovery"; (3) "whether an affidavit opposing summary judgment contained a statement of the time required to complete the discovery, the particular evidence needed, where the particular evidence was located and the methods used to obtain the evidence"; and (4) "whether the party moving for summary judgment

gave an appropriate response to a discovery request from the nonmoving party." *Sanchez v. Lujan,* No. A-1-CA-35721, 2019 WL 4419732, at *4 (N.M. Ct. App. Aug. 22, 2019) *Citing Sun Country Sav. Bank*, 1989-NMSC-043, ¶ 27.

Indeed in New Mexico the general rule is that it is inadvisable to grant summary judgment before discovery has been completed.[4]   *Romero v. Giant Stop-N-Go of New Mexico, Inc.*, 2009, 146 N.M. 520, 212 P.3d 408, certiorari denied 146 N.M. 728, 214 P.3d 793. The same is true for Federal Court. As set forth in *Chavez v. Cty. of Bernalillo*, 3 F. Supp. 3d 936, 968 (D.N.M. 2014), "[w]hen a party files an affidavit or declaration, and moves for additional discovery time under rule 56(d), the party invokes the court's discretion. *See Jensen v. Redevelopment Agency of Sandy City,* 998 F.2d 1550, 1553–54 (10th Cir.1993). "Unless dilatory or lacking in merit," a party's 56[(d)] application "should be liberally treated." 998 F.2d at 1554 (internal quotation marks and citations omitted). "The general principle of Rule 56(d) is that summary judgment should be refused where the nonmoving party has not had the opportunity to

---

[4] Trial court ruling on summary judgment motions should have granted life insurer's request for additional discovery in policyholders' suit alleging failure to disclose adequate information about dollar amount difference and effective annual percentage rate (APR) if policyholders paid premiums in installments; additional underlying facts needed development by the parties before the trial court could properly determine whether there was a duty to disclose. *Azar v. Prudential Ins. Co. of America,* 2003, 133 N.M. 669, 68 P.3d 909. Generally, a court should not grant summary judgment before a party has completed discovery, particularly when further factual resolution is essential to determine the central legal issues involved or the facts before the court are insufficiently developed.  *Azar v. Prudential Ins. Co. of America,* 2003, 133 N.M. 669, 68 P.3d 909.When discovery is incomplete, trial courts should consider deferring action on motion for summary judgment until record is ready for decision.  *Gabaldon v. Erisa Mortg. Co.,* 1997, 124 N.M. 296, 949 P.2d 1193, certiorari granted 124 N.M. 268, 949 P.2d 282, affirmed in part, reversed in part 128 N.M. 84, 990 P.2d 197.In general, summary judgment should not be granted before party has completed discovery.  *Baker v. Bhajan,* 1994, 117 N.M. 278, 871 P.2d 374. **District court could hold summary judgment hearing despite plaintiffs' desire to conduct more discovery about what was in police department manual;  plaintiffs were able to depose officers and obtain information concerning what was in manual, even though they complained that officers gave contradictory statements about what manual contained.**  *Narney v. Daniels,* 1992, 115 N.M. 41, 846 P.2d 347, certiorari denied 114 N.M. 720, 845 P.2d 814 (emphasis added). Generally, courts should not grant summary judgment before party has completed discovery, particularly when further factual resolution is essential to determine central legal issues involved where facts before court are insufficiently developed.  *Sun Country Sav. Bank of New Mexico, F.S.B. v. McDowell*, 1989, 108 N.M. 528, 775 P.2d 730.In deciding whether summary judgment is proper, a court must look to the whole record and view matters presented in light most favorable to support right to trial on the merits.  *Cunningham v. Gross*, 1985, 102 N.M. 723, 699 P.2d 1075. How can the Court adequately do this if there has been no opportunity for discovery. Improper denial of discovery denied plaintiff reasonable opportunity to present all material pertinent to action to establish genuine issue of material fact, and summary judgment was improperly granted to defendant.  Rules of Civil Procedure, rules 26(b), 30(b), 56, 56(c).  *Kirby Cattle Co. v. Shriners Hospitals for Crippled Children*, 1975, 88 N.M. 605, 544 P.2d 1170, reversed 89 N.M. 169, 548 P.2d 449.

discover information that is essential to [its] opposition." *Price ex rel. Price v. W. Res., Inc.,* 232 F.3d 779, 783 (10th Cir.2000)."

Fed. R. Civ. P. 56(d) provides that if a nonmovant states by affidavit that he cannot present facts essential to oppose a motion for summary judgment, the Court may, "(1) defer considering the motion to deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d); *Price v. Western Resources, Inc*., 232 F.3d 779, 783 (10th Cir. 2000). The nonmovant must satisfy several requirements to obtain relief under Rule 56(d). By affidavit he must explain: (1) why facts precluding summary judgment are unavailable; (2) what probable facts he can find through further discovery; (3) what steps he has taken to obtain such facts; and (4) how additional time will allow him to controvert facts. *Price*, 232 F.3d at 783 (quoting *Comm. For the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)). Plaintiffs have satisfied all of the requirements as set forth herein as well as in Counsel's affidavit attached hereto as Exhibit A.

Specifically, Plaintiff wishes to take the depositions of A. Vozza, Defendants Sanchez, Defendant Anderson, and the non-party security guard, Michael Cerda, to address the facts in dispute including but not limited to Defendants' Proposed Undisputed Material Facts numbered 1-6. Defendants argue that they are not liable however; they fail to address the contradictions that exist between their Complaint, their sworn Court testimony and what is shown in the lapel videotapes. As such and as requested by Plaintiff, more discovery is needed in this regard and specifically Plaintiff should be afforded a right to conducted depositions of Sanchez, Anderson and Cerda to inquire as to the factual disputes that exist in this regard.

Plaintiffs did serve discovery on Defendants and pursuant to an agreed upon extension, Defendants' responses are due on or before November 30, 2020. Plaintiff respectfully request that the Court allow Plaintiff to file a response after said discovery is received and said

depositions have been taken.

WHEREFORE, Plaintiffs respectfully requests the Court issue an Order pursuant to FED. R. CIV. P. 26(d) permitting Plaintiffs to conduct limited discovery before responding to Defendants' Motion for Summary Judgment and for the Court to issue a stay on ruling on Defendants' Motion for Summary Judgment until such time that the requested discovery is complete and Plaintiffs have time to respond to Defendants' Motion.

LAW OFFICE OF FRANCES CROCKETT

*/s/ Frances C. Carpenter*
Frances C. Carpenter
925 Luna Circle NW
Albuquerque, NM 87102
Telephone: (505) 314-8884; Fax: (505) 835-5658
Email:frances@francescrockettlaw.com

I hereby certify that a true and correct copy of the foregoing was sent via CM/ECF to opposing counsel this 3rd day of November 2020.

*/s/ Frances Carpenter*
Frances Carpenter