IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

E.G.

    **Plaintiff,**

v.                                                                                                                            1:20-cv-00925-JB-LF

**CITY OF ALBUQUERQUE, OFFICER
DOMINIC SANCHEZ, in his individual
Capacity and as employee of the City of
Albuquerque; and OFFICER RICHARD
ANDERSON, in his individual Capacity
And as employee of the City of Albuquerque,**

    **Defendants.**

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING OUTCOME OF
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

COME NOW Defendants City of Albuquerque, Officer Dominic Sanchez, in his individual capacity and as employee of the City of Albuquerque; and Officer Richard Anderson in his individual capacity and as employee of the City of Albuquerque (hereafter "City Defendants"), by and through their counsel of record, the Law Office of Jonlyn M. Martinez, LLC, and hereby file a Reply to Plaintiff's Response to Defendants' Motion to Stay Proceedings Pending Outcome Of Defendants' Motion For Partial Summary Judgment.

**I. Reply to Introduction.**

The Defendants have provided this Court with lapel videos of the Defendant Sanchez' and Defendant Anderson's interaction with the Plaintiff on September 9, 2018. These videos reveal that the Defendants were informed that the Plaintiff had abused her boyfriend, the Plaintiff was then belligerent and abusive towards these officers. These videos also reveal that the

1

Plaintiff battered these officers. Thus, the Plaintiff's version of the facts in this matter are not worthy of credence.

## II.  Reply to Procedural History of the Case

Instead of wasting valuable resources in this matter, the Defendants filed a Partial Motion for Summary Judgment in which they asserted the defense of qualified immunity on behalf of the individually named Defendants. ***See Document No. 13.*** In support of this Motion, the Defendants provided this Court with relevant portions of the individually named Defendants' lapel videos. The Plaintiff's Affidavit in support of discovery provides that the Plaintiff wants to depose A. Vozza (Plaintiff's boyfriend), Defendants Sanchez, Defendant Anderson, and the non-party security guard, Michael Cerda, to address factual disputes between what is in the criminal complaint, their sworn Court testimony and what is shown in the lapel videotapes. ***See Document No. 21-1, ¶ 3***. The Defendant submits that the United States Supreme Court has spoken on this issue.

In ***Scott v. Harris***, 550 U.S. 372, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007), the Supreme Court concluded that summary judgment is appropriate where video evidence quite clearly contradicted the plaintiff's version of the facts. ***See*** 550 U.S. at 378-81. The Supreme Court explained:

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Fed. Rule Civ. Proc. 56(c). As we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. [at] 586-587 . . . (footnote omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement

> is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. [at] 247-248 . . . . When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.
>
> That was the case here with regard to the factual issue whether respondent was driving in such fashion as to endanger human life. Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape.

*Scott v. Harris*, 550 U.S. at 380-81.  In the present case, the individually name Defendants testified at a preliminary hearing on February 27, 2020, sixteen months after the events at issue in this lawsuit, without the benefit of their lapel videos. Their recollection of the events depicted in their lapel video does not change what transpired on September 9, 2018, and was captured on videotape. Thus, the Plaintiff's request for additional discovery should ne denied.

### III. Reply to Argument and Authorities

The Supreme Court has characterized qualified immunity as giving "government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." ***Pueblo of Pojoaque v. New Mexico***, 214 F. Supp. 3d 1028, 1116 (D.N.M. 2016), citing ***Behrens v. Pelletier***, 516 U.S. 299, 308 (1996). The qualified immunity defense protects governmental officials performing discretionary functions from liability as well as the burdens of trial and discovery. ***Jiron v. City of Lakewood***, 392 F.3d 410, 414 (10th Cir. 2004); ***Workman v. Jordan***, 958 F.2d 332, 336 (10th Cir. 1992) ("we reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation") (citing ***Siegert v. Gilley***, 500 U.S. 226 (1991)). Indeed, when a motion based on qualified immunity is filed, a court has limited discretion on the issue of a stay of discovery and should stay discovery until the court considers and determines the dispositive motion. ***Workman***, 958

F.2d at 336. Based on the foregoing, this matter must be stayed pending the outcome of the Defendants' Motion for Summary Judgment [Document No. 13].

The Plaintiff asserts that this matter should not be stayed because she has propounded discovery and she wants to depose witnesses and the individually named Defendants to inquire about alleged inconsistencies with their testimony given sixteen months after the incident and their lapel cameras. Yet, as stated above, once the individually named Defendants have asserted their entitlement to the defense of qualified immunity, they must be relieved of the burdens of litigation, including discovery.

The Tenth Circuit reviews a district court's denial of a rule 56(d) motion for abuse of discretion. ***Stevenson v. City of Albuquerque***, 446 F. Supp. 3d 806, 848 (D.N.M. 2020), citing ***Comm. for First Amendment v. Campbell***, 962 F.2d 1517, 1522 (10th Cir. 1992).

> To invoke the shelter that rule 56(d) provides, a party must: (i) file an affidavit, see *Pasternak v. Lear Petroleum Exploration Inc*., 790 F.2d at 832-33; (ii) identify the probable facts not available, their relevance, and what steps have been taken to obtain those facts, *see Comm. for the First Amendment v. Campbell*, 962 F.2d at 1522; (iii) explain why facts precluding summary judgment cannot be presented, *see Comm. for the First Amendment v. Campbell*, 962 F.2d at 1522; and (iv) state with specificity how the desired time would enable the nonmoving party to meet its burden in opposing summary judgment, *see Comm. for the First Amendment v. Campbell*, 962 F.2d at 1522. "Rule 56([d]) may not be invoked based solely upon the assertion that discovery is incomplete or that the specific facts necessary to oppose summary judgment are unavailable." *Schaefer v. Antill*, No. 06-0460, 2007 U.S. Dist. LEXIS 16853, 2007 WL 709046, at *9 (D.N.M. Jan. 31, 2007)(Browning, J.). "Rule 56 ( [d] ) is not a license for a fishing expedition." *Lewis v. City of Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990).

***Stevenson v. City of Albuquerque***, 446 F. Supp. 3d 806, 848 (D.N.M. 2020). Although the general principle behind rule 56(d) is that "summary judgment should be refused when the nonmoving party has not had the opportunity to discovery information that is essential to his opposition," ***Price v. W. Res., Inc.***, 232 F.3d at 783, the Supreme Court has directed that

"insubstantial lawsuits 'against government officials [should] be resolved *prior to discovery and on summary judgment* if possible,'" *Id*., quoting *Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990). In *Stevenson v. City of Albuquerque*, 446 F. Supp. 3d 806, 877 (D.N.M. 2020), this Court refused to lift a stay or permit discovery pursuant to Fed.R.Civ.P. 56(d) because the Court found that plaintiffs failed to demonstrate with specificity the facts that additional discovery would yield and which were necessary to defend against the motion for summary judgment. This Court in *Stevenson* determined that the plaintiff appeared, instead, to be on a fishing expedition. That is precisely, the case herein. Discovery concerning purported inconsistencies between testimony given sixteen months after the incident and the Defendants lapel videos is of no consequence, particularly when the Plaintiff is in possession of both the lapel videos and the sworn testimony. The Defendants submit that the evidence contained on the lapel videos speaks for itself. *See Scott v. Harris*, 550 U.S. 372, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). This Court is capable of reviewing the video evidence to determine whether the individually named Defendants are entitled to qualified immunity in this matter.

## CONCLUSION

Based on the foregoing, the Defendants request that this Court stay this matter pending the outcome of Defendants' Motion for Summary Judgment.

Respectfully Submitted:

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By: */s/ Jonlyn M. Martinez*
JONLYN M. MARTINEZ
Attorney for Defendants
P.O. Box 1805
Albuquerque, NM 87103-1805
P: (505) 247-9488
jonlyn@jmartinezlaw.net

I hereby certify that copy of the foregoing
was served via CM/ECF to all counsel of record
on November 4, 2020:

*/s/ Jonlyn M. Martinez*
Jonlyn M. Martinez, Esq.